WILLIAM W. PETTIS *et al. d.b.a.* PETTIS REALTY COMPANY

*vs.* FRANCIS TRAVERS *et ux.*

JANUARY 28, 1954.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

CONDON, J. This is an action of assumpsit to recover a broker's commission for services rendered in procuring a purchaser for defendants' real estate. The case was tried before a justice of the superior court sitting without a jury and he rendered a decision for the plaintiffs in the sum of $500 and costs. The defendants excepted to that decision and also to a ruling denying their motion to dismiss the action, which they made at the conclusion of plaintiffs' evidence. The case is here on defendants' bill of exceptions containing only those two exceptions.

The defendants have briefed and argued their exceptions on the assumption that both exceptions are entitled to consideration here and rest upon the same grounds. They are in error in assuming that they are entitled to an exception to the denial of their motion to dismiss. Such a motion made at the conclusion of plaintiffs' evidence in a jury-waived trial, if proper at all, must be deemed akin to a motion for a directed verdict made at the same stage in a jury trial and be treated as addressed to the discretion of the trial justice. Unless defendants in such circumstances close their case no exception lies to the trial justice's denial of their motion. *Solomon* v. *Shepard Co.*, 61 R. I. 332. Since defendants here did not close their case, they take nothing by their first exception.

The second exception is to the decision of the trial justice and is based on the ground that plaintiffs' proof did not conform to the pleadings in that the writ and declaration alleged liability of defendants under the common counts, whereas at the trial they relied on the theory of a special contract. The defendants contend that in such a case, where the proof does not conform to the pleadings, a decision for the plaintiffs is erroneous, and in support of such con-

tention they cite *D'Onofrio* v. *First National Stores, Inc.*, 68 R. I. 144, *Pontes* v. *United Electric Rys.*, 54 R. I. 139, *Sarcione* v. *Outlet Co.*, 53 R. I. 76, and *McGinn* v. *United States Finishing Co.*, 27 R. I. 58.

Those cases do not help defendants since in our opinion the proposition for which they are cited is not involved here. On the contrary we agree with the plaintiffs' contention that where, as in the case at bar, an express contract has been fully performed and nothing remains to be done under it but the payment of money by defendants, plaintiffs may elect to sue specially on the contract or generally under the common counts.

If plaintiffs pursue the second course they may offer the contract in evidence to prove that the thing done was that which was agreed to be done thereunder and also to prove the value of what was done. This practice was approved many years ago by this court in *McDermott* v. *St. Wilhelmina Benevolent Aid Society*, 24 R. I. 527. There the court expressly held at page 537: "When a contract has been fully executed, and nothing remains to be done but the payment of the price agreed on, the plaintiff may declare specially on the contract, or he may rely on the common counts in *indebitatus assumpsit*." This court has since reaffirmed that rule and has declared that it is now well settled. *Downing* v. *Grady*, 52 R. I. 83. And it has recently been approved and applied in *Brown* v. *Benn*, 75 R. I. 76.

But defendants further contend that, even conceding the rule to be as above stated, plaintiffs do not bring their case within it, because they have not pleaded counts in *indebitatus assumpsit* but simply in *quantum meruit,* and under it they have failed to prove the reasonable value of the alleged services rendered. We think defendants are clearly mistaken in this contention. In the common counts in the writ it is alleged among other things that defendants are justly indebted to the plaintiffs for certain work, labor, skill and diligence performed and bestowed by plaintiffs. This

is, in our opinion, an averment in *indebitatus assumpsit*. If it were a count on a *quantum meruit* the proper averment would be that defendants did promise to pay the plaintiffs what they "reasonably deserved" for the services rendered, 1 Chitty on Pleading (16th Am. Ed.), p. 447, or what such services were "reasonably worth," *Warren* v. *Martini*, 72 R. I. 36, 39. The distinction between the two counts, however, seems to be of no practical consequence now. See *Parker* v. *Macomber*, 17 R. I. 674, and 7 C. J. S., Assumpsit, §2, p. 110.

The defendants' exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Monti & Monti, Michael A. Monti, Francis A. Monti,* for plaintiffs.

*Goldberg & Goldberg, Philip B. Goldberg, Leo M. Goldberg, Joseph Palmieri,* for defendants.